Dear Mr. Merritt:
You have requested an advisory opinion regarding the legality of retention of an operator's license upon issuance of a traffic citation.
This particular legal matter is addressed in La.R.S. 32:411A, B(1) and H(3). This statute discusses the authority of an arresting officer with respect to a traffic citation as well as the authority of The Department of Public Safety and Corrections.
Your inquiry involves a town ordinance which authorizes the retention of an operator's license upon the issuing of a traffic citation and return of said license upon payment of a fine for the violation. La.R.S. 32:411 A reads, "Except as is otherwise specifically provided in this Section, the deposit of a driver's license in connection with the issuance of a citation alleging the commission of a traffic offense is prohibited. La.R.S. 32:411B(1) B(2), regarding retention of operator's license clearly states that, "An arresting officer may retain the driver's license of an operator of a motor vehicle when that operator has been issued a citation alleging that the operator was:
 (a) Operating the motor vehicle under the influence of alcohol or controlled Substances.
 (b) Exceeding the speed limit by twenty-five miles per hour or more.
(c) Exceeding the speed limit in a school zone.
(d) Driving with a suspended license.
(e) Drag racing.
(f) Cited for failure to maintain compulsory security."
(2) "An arresting officer may retain the driver's license of an operator when the operator was involved in an accident in which a person was injured, or when an operator:
 (a) Is alleged to have committed the same offense twice within a period of one hour.
 (b) Is alleged by the investigating law enforcement officer to have a medical condition which could result in suspension or revocation of his driver's license under the provisions of R.S.32:414(E), provided that the arresting officer first consults with his superior officer as to his specific observations and such superior officer concurs with the issuing officer's belief."
In addition, La.R.S. 32:411H(3), provides that, "The Department of Public Safety and Corrections shall not return, reissue, or renew a driver's license in its possession pursuant to this Section until payment of the fine and any additional cost, fee, or penalty required by the judge having the jurisdiction and any other cost, fee, or penalty required by the department." Therefore, a driver's license may be retained, but only upon the previous mentioned conditions.
The second issue raised is whether your act would be legal with the adoption of an ordinance. Municipalities do possess power in certain areas to enact ordinances that provide greater penalties than a state law dealing with the same issue. However, City of Baton Rouge v. Williams,661 So.2d 445, 95-0308 (La. 10/16/95) states, "There have been decisions by the Louisiana Supreme Court which invalidated municipal ordinances that provided greater penalties than the state statute punishing the same crime. Those cases fall into two categories: those in which the municipalities' own home rule charter prohibited a penalty greater than that set in a state statute for the same conduct; and, those in which there is a specific state statute which places a ceiling on the penalty a parish or municipality may exact for the prohibited conduct." The ordinance that your town is attempting to enact falls within the scope of the latter category. The "ceiling" for retention of driver's license is imposed by La.R.S. 32:411A. Thus, the ordinance that your town attempted to adopt is not legal.
Therefore, La.R.S. 32:411 A, B(1),(2) and H(3) are applicable, thereby granting the retention of an operator's license upon a traffic violation upon certain conditions and return of said license only upon payment of existing fine. However, there can exist no greater penalty than already established by state law when dealing with this particular issue.
I believe the above opinion has answered your question. Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________ CHARLES H. BRAUD JR. Assistant Attorney General
RPI/CHB,JR./sfj
DATE RELEASED: July 11, 2003